Filed 6/30/22  P. v. Fields CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MAURICE LAFAY FIELDS,<br><br>Defendant and Appellant. | F083476<br><br>(Super. Ct. No. F21900886)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Monica R. Diaz, Judge.

Allan E. Junker, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Michael A. Canzoneri and Clifford E. Zall, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]        Before Hill, P. J., Poochigian, J. and Peña, J.

Defendant Maurice Lafay Fields pled no contest pursuant to a plea agreement to infliction of corporal injury to a cohabitant in exchange for dismissal of other counts and enhancements. He was sentenced to the upper term of four years' imprisonment, execution of the term was suspended, and the trial court granted defendant a term of probation. Defendant later violated probation and the suspended sentence was executed. On appeal, defendant contends that his sentence must be vacated and his case remanded for resentencing in light of Senate Bill No. 567's (2021–2022 Reg. Sess.) (Senate Bill 567) amendments to Penal Code section 1170, subdivision (b).[1] The People disagree. We conclude that the sentence was not imposed in compliance with section 1170, subdivision (b) but the error was harmless.[2]

## PROCEDURAL SUMMARY

On April 20, 2021, the Fresno County District Attorney filed an information, charging defendant with false imprisonment (§ 236; count 1), making criminal threats (§ 422; count 2), inflicting corporal injury to a cohabitant (§ 273.5, subd. (a); count 3), and human trafficking (§ 236.1, subd. (b); count 4). The complaint further alleged that defendant had suffered two prior strike convictions. (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d).)

On June 17, 2021, pursuant to a negotiated plea agreement, defendant pled no contest to count 3 of the information. In exchange for his no contest plea, the plea agreement provided a sentence that included no initial state prison and dismissal of the remaining counts and allegations. The plea agreement indicated that the trial court could

---

[1] All statutory references are to the Penal Code.

[2] Throughout our discussion, we refer to section 1170, subdivision (b) "error." However, we note that at the time the trial court sentenced defendant, it correctly applied the then-existing law. Accordingly, while we refer to section 1170, subdivision (b) "error," we are mindful that the trial court complied with the applicable law at the time of sentencing.

find a factual basis pursuant to "*People v. West*"[3] and the trial court confirmed that the parties "stipulate[d] … the crime reports and[/]or the preliminary hearing transcript … would [provide] a factual basis" for defendant's plea. After defendant entered his no contest plea, the prosecutor dismissed the remaining counts and allegations "reserving the right to comment and with a *Harvey*[4] waiver." Prior to the prosecutor's comment, no mention was made of a *Harvey* waiver, defendant was not asked to waive *Harvey* protections, and the plea agreement was silent regarding a *Harvey* waiver.

On July 16, 2021, the trial court sentenced defendant to four years' imprisonment (the upper term) on count 3. The court then suspended execution of the sentence and granted defendant felony probation for a term of three years.

On October 22, 2021, following a contested violation of probation hearing, the trial court concluded that defendant violated the terms of his probation. The trial court revoked defendant's probation and imposed the previously suspended four-year term of imprisonment.

On October 25, 2021, defendant filed a notice of appeal.

## FACTUAL SUMMARY

Because defendant's plea was entered pursuant to *People v. West*, the trial court relied on the police reports in finding a factual basis. The probation officer summarized the facts of a police report in defendant's case.

---

**3**     *People v. West* (1970) 3 Cal.3d 595. A *West* plea is " 'a plea of nolo contendere, not admitting a factual basis for the plea,' " which "allows a defendant to plead guilty in order to take advantage of a plea bargain while still asserting his or her innocence." (*People v. Rauen* (2011) 201 Cal.App.4th 421, 424.)

**4**     *People v. Harvey* (1979) 25 Cal.3d 754. In *Harvey*, our Supreme Court held that a trail court may not consider evidence of any crime as to which charges were dismissed as an aggravating circumstance to support the upper term on any remaining count or counts. (*Id.* at p. 758.) "To avoid the *Harvey* restriction, prosecutors often 'condition [] their plea bargains upon the defendant agreeing that the sentencing court may consider the facts underlying the not-proved or dismissed counts when sentencing on the remainder' "—a so-called "*Harvey* waiver." (*People v. Munoz* (2007) 155 Cal.App.4th 160, 167.)

Defendant was in a sexual relationship with the confidential victim (CV). On December 14, 2020, at approximately 3:08 a.m., Fresno police officers responded to a domestic disturbance call involving defendant and CV. CV told officers she had an active warrant and asked to be arrested. Officers removed CV from defendant and discovered that she had no active warrant. CV told officers that she was staying at a friend's house when defendant told her to come outside and threatened to burn the house down if she would not comply. She exited the home. Defendant then struck her with a belt, grabbed her hair, and forced her to his vehicle.

CV also told officers that on December 13, 2021, defendant struck her repeatedly on her left arm with his closed fist. When she fell to the ground, defendant "stomped" her right side approximately three times, causing her head to strike the ground and bruising to her left arm and her ribs.

## DISCUSSION

### I. Senate Bill 567

Defendant contends that we must vacate the sentence and remand the matter because defendant did not admit, and the trial court did not find true, the facts underlying the circumstances in aggravation that the trial court relied upon in imposing the upper term. The People agree that Senate Bill 567 is retroactive to defendant but argue that the trial court's imposition of the upper term was consistent with section 1170, subdivision (b) because the defendant "effectively stipulated to the aggravating factors invoked by the court in his case …" by entering a *Harvey* waiver. Alternatively, the People argue that any error in imposition of the upper term is harmless because "a jury would inevitably find true beyond a reasonable doubt all the factors relied upon by the court below …," more than satisfying the standard for harmless error that " 'as long as a jury could have found a single aggravating circumstance true beyond a reasonable doubt, any error was harmless.' " The People are mistaken regarding the relevant standard for harmless error. As we explain below, whether the jury would have found true beyond a

reasonable doubt the facts underlying *at least one* of the aggravating circumstances is not the relevant question in this context. Instead, to find that the error was harmless we would have to conclude (1)(a) beyond a reasonable doubt that the jury would have found beyond a reasonable doubt that the facts underlying at least one aggravating circumstances was true, and (1)(b) that there is no reasonable probability the jury would not have found the remaining circumstances true beyond a reasonable doubt, or (2) that there is no reasonable probability the trial court would have imposed a lesser term based on the aggravating circumstances that would have been provable to the jury beyond a reasonable doubt.[5]

For the following reasons, we conclude the sentence does not comply with the requirements of section 1170, subdivision (b), but the error was harmless.

## A. Additional Background

The trial court appears to have only partially adopted the probation officer's recommendation regarding the circumstances in aggravation and in mitigation. The probation officer recommended the following circumstances in aggravation relating to defendant (rather than to the offense):

> "The defendant has engaged in violent conduct which indicates a serious danger to society.

> "The defendant's prior convictions as an adult or sustained petitions in juvenile delinquency proceedings are numerous or of increasing seriousness.

> "The defendant has served a prior prison term.

> "The defendant was on probation or parole when the crime was committed.

---

[5] In order to reach the second step, the reviewing court must conclude beyond a reasonable doubt that the jury would have found at least one aggravating circumstance true beyond a reasonable doubt. Otherwise, the sentence violates the Sixth Amendment.

"The defendant's prior performance on probation or parole was unsatisfactory.

"The dismissed counts listed in the Information can be considered as factors in aggravation."

In mitigation, the probation officer recommended the trial court find "[t]he defendant voluntarily acknowledged wrongdoing before arrest or at an early stage of the criminal process."

The trial court explained its conclusion that the upper term was warranted as follows:

"The Court is selecting the aggravated term based upon the violent conduct that is indicated by the probation report and the serious danger to society which is indicated by that conduct, the number of prior convictions [defendant] has suffered, as well as the number of prior prison terms he has served, and the fact that [defendant's] prior performance on parole or probation has been unsatisfactory."

The trial court did not mention that defendant was on parole or probation at the time the new offense was committed, that defendant had committed other offenses that were dismissed as part of the plea agreement, or that defendant voluntarily acknowledged his wrongdoing at an early stage. In light of the identified circumstances in aggravation found true by the trial court, it imposed the upper term on count 3.

## B. Compliance with Section 1170, subdivision (b)

From March 30, 2007, to January 1, 2022, California's determinate sentencing law specified that "[w]hen a judgment of imprisonment [wa]s to be imposed and the statute specifie[d] three possible terms, the choice of the appropriate term … rest[ed] within the sound discretion of the court." (§ 1170, former subd. (b).)

Effective January 1, 2022, Senate Bill 567 amended section 1170, subdivision (b). (Stats. 2021, ch. 731, § 1.3.) Section 1170, subdivision (b)(2) now provides, "[t]he court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding

6.

the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170, subd. (b)(2).) As an exception to the general rule, a trial court is permitted to rely upon a certified record of conviction to determine prior criminality for purposes of sentencing without submitting the prior conviction to a jury. (§ 1170, subd. (b)(3).)

As a threshold matter, the parties agree, as do we, Senate Bill 567 is retroactive to cases not yet final on appeal pursuant to *In re Estrada* (1965) 63 Cal.2d 740 (see *People v. Flores* (2022) 73 Cal.App.5th 1032, 1038–1039 [remanding for resentencing under another ameliorative amendment to section 1170 by Senate Bill 567]) and defendant's sentence is not yet final on appeal.

In this case, as to the first circumstance in aggravation found true by the trial court, that defendant had previously engaged in violent conduct which indicates a serious danger to society, no jury made a finding and defendant entered no stipulation. Defendant did not admit his prior strike convictions and the record does not demonstrate that any certified record of conviction was before the court. The same is true of the remaining circumstances in aggravation relied upon by the court—the number of defendant's prior convictions and prison terms and defendant's unsatisfactory performance on probation. None of those circumstances were found true by a jury beyond a reasonable doubt or admitted by defendant.

The People argue that defendant stipulated to his criminal history and agreed that his sentence would be considered only by the trial when he entered a *Harvey* waiver that " 'encompassed not only the entire factual background of the case, … but also encompassed [defendant]'s criminal history ….' " The record does not support the People's assertion. Nowhere in defendant's plea agreement is the term "*Harvey* waiver" or a discussion of/requested waiver to permit the court's consideration of the facts underlying dismissed counts (or the count to which defendant pled guilty). Neither was

7.

the term "*Harvey* waiver" or the concept of a *Harvey* waiver explained to defendant on the record. The first mention of a *Harvey* waiver in the record before us occurred after defendant entered his no contest plea, when the People dismissed the other counts and allegations. Indeed, defendant declined to admit a factual basis and instead the parties stipulated that the trial court could find a factual basis pursuant to *West*. Entering a stipulation to the factual basis pursuant to *West* is incongruous with the People's argument that defendant *admitted* " 'the entire factual background of the case' " and his entire " 'criminal history.' "

Despite none of the aggravating circumstances having been proved in compliance with section 1170, subdivision (b)(2) or (b)(3), the upper term was nevertheless imposed on count 3. Imposition of the upper term on count 3 is not in compliance with section 1170, subdivision (b). Therefore, unless imposition of the upper term on count 3 was harmless, the sentence must be vacated and the matter must be remanded to the trial court for resentencing in compliance with section 1170, subdivision (b).

### C. Harmless Error

The People contend that any error is harmless because a jury would have found one of the aggravating factors relied on by the trial court true beyond a reasonable doubt. For that proposition, they rely on *People v. Flores* (2022) 75 Cal.App.5th 495 (*Flores*), which applied the harmless-beyond-a-reasonable-doubt standard of harmless error from *Chapman v. California* (1967) 386 U.S. 18 as adapted to the context of violations of the Sixth Amendment right to a jury trial on aggravating circumstances by *People v. Sandoval* (2007) 41 Cal.4th 825, 838–839 (*Sandoval*).[6] (*Flores*, at pp. 500–501.) *Flores*

---

[6] *Sandoval*, as we explain in more detail below, considered the standard for harmless error in the context of *Cunningham v. California* (2007) 549 U.S. 270 (*Cunningham*) error—where a sentence in excess of the statutory maximum sentence was imposed under California's former determinate sentencing law without submitting the facts authorizing such a sentence to a jury.

articulated the harmless error standard in the Senate Bill 567 error context as follows: " '[I]f a reviewing court concludes, beyond a reasonable doubt, that the jury, applying the beyond-a-reasonable-doubt standard, unquestionably would have found true *at least a single aggravating circumstance* had it been submitted to the jury,' the error is harmless." (*Flores*, at p. 500, italics added.) We respectfully disagree with the People and *Flores* that *Sandoval* provides the appropriate standard for harmless error in this context. A reviewing court concluding beyond a reasonable doubt that the jury would have the facts underlying *a single circumstance in aggravation* true beyond a reasonable doubt is insufficient to conclude that any error under section 1170, subdivision (b) was harmless.

To explain our disagreement with *Flores*, we consider the origin of the harmless error standard it applied. In *Cunningham*, the Supreme Court held that California's determinate sentencing law (as it existed from 1977 to 2007) violated the Sixth Amendment right to a jury trial because it permitted a trial judge to determine facts (other than a prior conviction) that would allow imposition of a sentence in excess of the statutory maximum.[7] (*Cunningham*, *supra*, 549 U.S. at pp. 275–276.) As *Cunningham* explained, the Supreme Court had long held that any fact that permitted imposition of a sentence beyond the statutory maximum had to be proved to a jury beyond a reasonable doubt. (*Id*. at p. 281.) Under the California determinate sentencing law, a statutory presumption existed that " '[t]he middle term [would] be selected unless imposition of the upper or lower term [was] justified by circumstances in aggravation or mitigation.' " (*Id*. at p. 278.) Under the then-existing statutory scheme, those circumstances in aggravation or mitigation—and the underlying facts related to those circumstances— were to be determined by the trial court, not the jury. (*Ibid*.) The Supreme Court therefore determined that the imposition of an upper term without having the facts

---

[7]   In the Sixth Amendment context, the statutory maximum " 'is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings.' " (*Cunningham*, 549 U.S. at p. 275.)

underlying the aggravating circumstances proved to a jury beyond a reasonable doubt violated the Sixth Amendment. (*Id*. at p. 293.)

In *Sandoval*, our Supreme Court considered whether an upper-term sentence imposed pursuant to the pre-*Cunningham* determinate sentencing law—i.e., imposed based on judicial findings of fact on circumstances in aggravation—was harmless error under the Sixth Amendment. (*Sandoval*, *supra*, 41 Cal.4th at p. 837.) It explained that the trial court had relied upon multiple aggravating circumstances, none of which had been proved to a jury, admitted by the defendant, or based on the fact of a prior conviction. (*Id*. at pp. 837–838.) The upper-term sentence therefore violated the defendant's Sixth Amendment rights under *Cunningham*. The *Sandoval* court then considered whether the violation was harmless. To that end, it articulated the following standard: "if a reviewing court concludes, beyond a reasonable doubt, that the jury, applying the beyond-a-reasonable-doubt standard, unquestionably would have found true at least a single aggravating circumstance had it been submitted to the jury, the Sixth Amendment error properly may be found harmless." (*Sandoval*, at p. 839.) In the Sixth Amendment context, the issue was whether the "defendant [was] *eligible* for the upper term …"; the trial court's consideration of additional circumstances not proved to a jury was not a federal constitutional question. (*Id*. at p. 839.)

As noted, in *Flores*, the Court of Appeal for the First District, Division Three extended the standard for harmless error applied in the Sixth Amendment context in *Sandoval* to section 1170, subdivision (b)(2) error.[8] (*Flores*, *supra*, 75 Cal.App.5th at pp. 500–501.) The Court of Appeal for the Fourth District, Division One disagreed with *Flores* on that point. (*People v. Lopez* (2022) 78 Cal.App.5th 459, 465–468, fn. 11 (*Lopez*).)

---

[8] The *Flores* court did not explain why it concluded that the harmless error test applied in *Sandoval* applies in this context.

The court in *Lopez* agreed with *Flores* that section 1170, subdivision (b)(2) error is subject to a harmless error analysis: "where a sentencing factor must be found true by a jury beyond a reasonable doubt and the court fails to submit that factor to the jury, the error in the court's reliance on that fact may be subject to harmless error review as to whether the lack of a finding by the jury was prejudicial." (*Lopez*, *supra*, 78 Cal.App.5th at p. 465.) But *Lopez* disagreed with *Flores* on the correct standard for harmlessness. Instead of the *Sandoval* harmless error standard, the *Lopez* court applied the following two-part standard for harmlessness: First, "[i]n order to conclude that the trial court's reliance on improper factors that were not found true by a jury[,] … admitted by [the defendant, or based on certified records of conviction] was not prejudicial, [the reviewing court] would have to conclude beyond a reasonable doubt that a jury would have found true beyond a reasonable doubt *every factor on which the court relied*, because the amended statute requires that every factor on which a court intends to rely in imposing an upper term, with the exception of factors related to a defendant's prior conviction(s), have been admitted by the defendant or proven to a jury (see § 1170, subd. (b))." (*Lopez*, at pp. 465–466.) According to *Lopez*, if that conclusion is made, the defendant has suffered no prejudice. (*Id*. at p. 467 & fn. 11.) If not, the reviewing court "then consider[s] the second question, which is whether [it] can be certain, to the degree required by *People v. Watson* (1956) 46 Cal.2d 818, 836 [(*Watson*)], that the trial court would nevertheless have exercised its discretion to select the upper term if it had recognized that it could permissibly rely on only a single one of the aggravating factors, a few of the aggravating factors, or none of the aggravating factors, rather than all of the factors on which it previously relied. If the answer to both of these questions is 'no,' then it is clear that remand to the trial court for resentencing is necessary." (*Lopez*, at p. 467, fn. 11.)

*Lopez* reasoned it is not enough that the reviewing court conclude that a trial court was *permitted* to impose the upper term because the jury would have found true a single

11.

aggravating circumstance beyond a reasonable doubt; whether the trial court *could have* imposed the upper term did not completely resolve the issue. (*Lopez*, *supra*, 78 Cal.App.5th at p. 467.) Instead, when a reviewing court concludes beyond a reasonable doubt that a jury would have found true fewer than all the aggravating circumstances beyond a reasonable doubt, it must still ask whether it is reasonably probable the trial court "*would have exercised its discretion*" to impose a sentence less than the upper term in the absence of the unproved aggravating circumstance(s). (*Ibid.*)

We agree with the *Lopez* court that a reviewing court finding beyond a reasonable doubt that the jury would have found a single aggravating circumstance true beyond a reasonable doubt is insufficient to conclude that the error was harmless. In other words, we disagree with *Flores* that *Sandoval* is applicable in this context. We further agree that the second step of the *Lopez* analysis—considering whether the trial court would have imposed a lesser term in absence of the aggravating circumstances not provable on the record before the reviewing court—is necessary. To find that section 1170, subdivision (b) error is harmless when fewer than all of the circumstances relied upon by the trial court could have been proved to the jury, we must determine whether the trial court would nevertheless have imposed the upper term based on the remaining aggravating circumstances.

Despite our agreement with *Lopez* on the majority of the standard it articulated, we are unconvinced that the *Chapman* standard of harmless error—applicable to errors implicating federal constitutional rights—must be applied to *all* aggravating circumstances in the *Lopez* court's first step. *Lopez* does not provide a clear explanation for why the *Chapman* standard for harmless error applies to all aggravating circumstances. Indeed, the only citation that the *Lopez* court provides for the proposition that *Chapman* applies to every circumstance is citation to section 1170, subdivision (b), itself. While *Sandoval* directs that at least one aggravating circumstance must be proved to the *Chapman* harmless error standard to satisfy the Sixth Amendment (i.e., for it to be

12.

*permissible* for the trial court to impose the upper term consistent with the Sixth Amendment), ordinary errors of state law are subject to review pursuant to *Watson*, *supra*, 46 Cal.2d 818.**9** (*People v. Breverman* (1998) 19 Cal.4th 142, 171 [when a state statutory right to a jury determination is violated, such error "is state law error alone, and thus subject, under article VI, section 13 of the California Constitution, to the *Watson* harmless error test"; "the state-created right to jury determination" does not implicate federal due process interests].)

We note that the *Chapman* standard of harmless error is compelled when an element of an offense or a sentencing factor necessary to impose a sentence above the statutory maximum is not presented to the jury. (*Washington v. Recuenco* (2006) 548 U.S. 212, 220 [firearm enhancement sentencing factor harmless error is decided pursuant to *Chapman*]; *People v. French* (2008) 43 Cal.4th 36, 52–53 [applying only *Chapman* where the trial court imposed the upper term based on *one* aggravating circumstance and that circumstance was not proved to the jury].) A fact that is *necessary* to impose a sentence above the statutory maximum must be proved to a jury beyond a reasonable doubt. However, as *Sandoval* has made clear, when multiple aggravating circumstances not proved to the jury are relied upon by a trial court in imposing the upper term, the reviewing court must only conclude beyond a reasonable doubt that *one* of those circumstances would have been found true by the jury beyond a reasonable doubt to avoid offending the Sixth Amendment. (*Sandoval*, *supra*, 41 Cal.4th at p. 839 [so long as a defendant is eligible for the upper term by virtue of facts that have been established

---

**9** The test under *Watson* is whether, " 'after an examination of the entire cause, including the evidence,' [the reviewing court] is of the 'opinion' that it is reasonably probable that a result more favorable to the appealing party would have been reached in the absence of the error." (*Watson*, *supra*, 46 Cal.2d at p. 836.) In this context, the question for the reviewing court would be whether there is a reasonable probability that the trial court would not have found the aggravating circumstance(s) true beyond a reasonable doubt.

consistently with Sixth Amendment principles, the federal Constitution permits the trial court to rely upon any number of aggravating circumstances in exercising its discretion to select the appropriate term by balancing aggravating and mitigating circumstances, regardless of whether the facts underlying those circumstances have been found to be true by a jury].)  Accordingly, one aggravating circumstance must be reviewed pursuant to *Chapman*, but the remaining aggravating circumstances involve only a state-created right to a jury trial that must be reviewed pursuant to *Watson*.

In sum, we think the correct standard for harmless error lies between the standards articulated in *Flores* and *Lopez*; *Flores* sets too low a standard for harmlessness and *Lopez* too high.  We instead apply a version of the standard articulated in *Lopez*, modified to incorporate *Watson* in the first step:  The reviewing court determines (1)(a) beyond a reasonable doubt whether the jury would have found one aggravating circumstance true beyond a reasonable doubt[10] and (1)(b) whether there is a reasonable probability that the jury would have found any remaining aggravating circumstance(s) true beyond a reasonable doubt.  If the aggravating circumstances would have been proved to the respective standards, any error was harmless.  If not, we move to the second step of *Lopez*, (2) whether there is a reasonable probability that the trial court would have imposed a sentence other than the upper term in light of the aggravating circumstances provable from the record as determined in the prior steps.  If the answer is no, the error was harmless.  If the answer is yes, we vacate the sentence and remand for resentencing consistent with section 1170, subdivision (b).

---

**10**     Alternatively, this step is satisfied, and no aggravating factor must be proved to the *Chapman* harmless error standard if the trial court found defendant's numerous or increasingly serious prior convictions to be an aggravating circumstance based on a certified record of conviction, and/or defendant admitted the facts underlying any aggravating circumstance.

14.

With that standard in mind, we revisit the aggravating circumstances relied upon by the trial court. All the aggravating circumstances found true by the trial court were based on questions of historical fact provable from a certified record of convictions and court records. Defendant's history of violent offenses, his numerous and increasingly serious criminal history, his prior prison terms, and his unsatisfactory performance on probation are all apparent from the probation officer's report which relied upon "a local record check and … Federal Bureau of Investigation, California Identification and Investigation Bureau[,] and California Department of Motor Vehicles" databases. That criminal history began in 1983 and includes a total of 29 criminal offenses (19 misdemeanor offenses and 10 felony offenses), including robbery and assault with force likely to cause great bodily injury; 23 revocations of parole; and one violation of postrelease community supervision. Moreover, defendant made no objection or correction to the trial court's consideration of his criminal history and performance on parole/postrelease community supervision. At the sentencing hearing, defendant had an opportunity and incentive to challenge any aggravating circumstance identified by the probation officer that was not true. There is no logical reason that defendant would not have challenged the accuracy of those facts if not true. We therefore conclude beyond a reasonable doubt that the jury would have found true beyond a reasonable doubt that defendant had engaged in violent conduct as evidenced by his violent prior convictions. We further conclude that there is no reasonable probability[11] that the jury would not have found true beyond a reasonable doubt that defendant had suffered numerous prior convictions, served numerous prior prison terms, and that his performance on parole/supervision was unsatisfactory in that he violated parole (resulting in parole

---

[11]    We would reach the same conclusion if we applied the *Chapman* standard.

15.

revocations) 23 times.[12]  (See *People v. Searle* (1989) 213 Cal.App.3d 1091, 1098 [three prior convictions are numerous].)

In light of that record, because we conclude that the jury would have found true all the aggravating circumstances beyond a reasonable doubt, the error was harmless.

## DISPOSITION

The judgment is affirmed.

---

[12]    We note that defendant's criminal history did not need to be proved to a jury.  The trial court could instead have relied upon a certified record of conviction for those offenses.  (§ 1170, subd. (b)(3).)